**STRAFFI & STRAFFI, LLC**
670 Commons Way
Toms River, NJ 08755
(732) 341-3800
(732) 341-3548 (fax)
bkclient@straffilaw.com
Attorney for Defendant, Jonathan Oglensky

| | | |
|---|---|---|
| In re: | ) | UNITED STATES BANKRUPTCY COURT |
| | ) | FOR THE DISTRICT OF NEW JERSEY |
| National Management and Preservation Services, LLC | ) ) | |
| Debtor(s). | ) ) | Chapter 7 Proceeding |
| | ) | Case No: 24-01206/CMG |
| | ) ) | |
| Andrea Dobin, Trustee, | ) ) ) | |
| | ) | Adv. No: 24-01206/CMG |
| Plaintiff(s), | ) ) | |
| v. | ) ) | **ANSWER TO ADVERSARIAL COMPLAINT** |
| | ) ) | |
| Jonathan Oglensky, Blake Eugene Oglensky, Emma Rose Oglensky, Sophie Oglensky and Rachel Oglensky | ) ) ) ) | |
| Defendant(s). | ) ) | |

Defendant, Jonathan Oglensky, (hereinafter referred to as "Defendant") through his counsel, Daniel E. Straffi, Jr., by way of Answer states:

## BACKGROUND

1. Defendant admits the allegations contained in paragraph 1 of the Plaintiff's Complaint as presently accurate. The parties are engaged in a divorce proceeding filed October 24, 2023 in Monmouth County Superior Court under Docket#  FM-13-546-24.

2. Defendant admits the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 4 and leaves Plaintiff to their proofs.

5. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 5 and leaves Plaintiff to their proofs.

6. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 6 and leaves Plaintiff to their proofs.

7. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 7 and leaves Plaintiff to their proofs.

8. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 8 and leaves Plaintiff to their proofs.

9. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 9 and leaves Plaintiff to their proofs.

10. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 10 and leaves Plaintiff to their proofs.

11. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 11 and leaves Plaintiff to their proofs.

12. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 12 and leaves Plaintiff to their proofs.

13. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 13 and leaves Plaintiff to their proofs.

14. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 14 and leaves Plaintiff to their proofs.

15. Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 16 and leaves Plaintiff to their proofs.

17. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 17 and leaves Plaintiff to their proofs.

18. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 18 and leaves Plaintiff to their proofs.

19. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 19 and leaves Plaintiff to their proofs.

20. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 20 and leaves Plaintiff to their proofs.

21. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 21 and leaves Plaintiff to their proofs.

22. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 22 and leaves Plaintiff to their proofs.

23. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 23 and leaves Plaintiff to their proofs.

24. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 24 and leaves Plaintiff to their proofs.

25. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 25 and leaves Plaintiff to their proofs.

26. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 26 and leaves Plaintiff to their proofs.

27. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 27 and leaves Plaintiff to their proofs.

28. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 28 and leaves Plaintiff to their proofs.

29. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 29 and leaves Plaintiff to their proofs.

30. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 30 and leaves Plaintiff to their proofs.

31. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 31 and leaves Plaintiff to their proofs.

32. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 32 and leaves Plaintiff to their proofs.

33. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 33 and leaves Plaintiff to their proofs.

34. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 34 and leaves Plaintiff to their proofs.

A. **Inter-Family Transfers**

   1. **Abis Property**

35. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 35 and leaves Plaintiff to their proofs.

36. Defendant denies the allegations contained in paragraph 36 of the Plaintiff's Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Plaintiff's Complaint.

38. Defendant has insufficient knowledge to admit or deny the allegations contained in

paragraph 38 and leaves Plaintiff to their proofs.

39. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 39 and leaves Plaintiff to their proofs.

40. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 40 and leaves Plaintiff to their proofs.

**2. Current Residence**

41. Defendant denies the allegations contained in paragraph 41 of the Plaintiff's Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Plaintiff's Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Plaintiff's Complaint.

**3. Oak Terrace Property**

44. Defendant denies the allegations contained in paragraph 44 of the Plaintiff's Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Plaintiff's Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Plaintiff's Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Plaintiff's Complaint.

**4. Other Transfers**

48. Defendant denies the allegations contained in paragraph 48 of the Plaintiff's Complaint.

49. Defendant admits the allegations contained in paragraph 49 of the Plaintiff's Complaint.

50. Defendant admits the allegations contained in paragraph 50 of the Plaintiff's Complaint.

51. Defendant admits the allegations contained in paragraph 51 of the Plaintiff's Complaint.

52. Defendant admits the allegations contained in paragraph 52 of the Plaintiff's Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Plaintiff's Complaint.

**B. Defendants**

54. Defendant admits the allegations contained in paragraph 54 of the Plaintiff's Complaint

as presently accurate. The parties are engaged in a divorce proceeding filed October 24, 2023 in Monmouth County Superior Court under docket# FM-13-546-24.

55. Defendant denies the allegations contained in paragraph 55 of the Plaintiff's Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Plaintiff's Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Plaintiff's Complaint.

58. Defendant denies the allegations contained in paragraph 58 of the Plaintiff's Complaint.

## JURISDICTION AND VENUE

59. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 59 and leaves Plaintiff to their proofs.

60. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 60 and leaves Plaintiff to their proofs.

## COUNT ONE
**Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. §§544 and 550 and N.J.S.A. §25:2-25(b) and N.J.S.A. § 25:2-27**
**(Against All Defendants)**

61. Defendant repeats and incorporates all of the previous allegations contained in the Answer to the Complaint as if set forth herein at length.

62. Defendant denies the allegations contained in paragraph 62 of the Plaintiff's Complaint.

63. Defendant denies the allegations contained in paragraph 63 of the Plaintiff's Complaint.

64. Defendant denies the allegations contained in paragraph 64 of the Plaintiff's Complaint.

65. Defendant denies the allegations contained in paragraph 65 of the Plaintiff's Complaint.

66. Defendant denies the allegations contained in paragraph 66 of the Plaintiff's Complaint.

67. Defendant denies the allegations contained in paragraph 67 of the Plaintiff's Complaint.

68. Defendant denies the allegations contained in paragraph 68 of the Plaintiff's Complaint.

69. Defendant denies the allegations contained in paragraph 69 of the Plaintiff's Complaint.

70. Defendant denies the allegations contained in paragraph 70 of the Plaintiff's Complaint.

71. Defendant denies the allegations contained in paragraph 71 of the Plaintiff's Complaint.

72. Defendant denies the allegations contained in paragraph 72 of the Plaintiff's Complaint.

**WHEREFORE**, Defendant, Jonathan Oglensky demands judgment against Plaintiff dismissing the Complaint in its entirety, together with costs and reasonable attorney's fees, and for such other and further relief as the Court may deem just, fair and equitable.

## COUNT TWO
### (Civil Conspiracy)

73. Defendant repeats and incorporates all of the previous allegations contained in the Answer to the Complaint as if set forth herein at length.

74. Defendant denies the allegations contained in paragraph 74 of the Plaintiff's Complaint.

75. Defendant denies the allegations contained in paragraph 75 of the Plaintiff's Complaint.

76. Defendant denies the allegations contained in paragraph 76 of the Plaintiff's Complaint.

77. Defendant denies the allegations contained in paragraph 77 of the Plaintiff's Complaint.

**WHEREFORE**, Defendant, Jonathan Oglensky demands judgment against Plaintiff dismissing the Complaint in its entirety, together with costs and reasonable attorney's fees, and for such other and further relief as the Court may deem just, fair and equitable.

## COUNT THREE
### (Imposition of Constructive Trust)

78. Defendant repeats and incorporates all of the previous allegations contained in the Answer to

the Complaint as if set forth herein at length.

79. Defendant denies the allegations contained in paragraph 79 of the Plaintiff's Complaint.

80. Defendant denies the allegations contained in paragraph 80 of the Plaintiff's Complaint.

81. Defendant denies the allegations contained in paragraph 81 of the Plaintiff's Complaint.

82. Defendant denies the allegations contained in paragraph 82 of the Plaintiff's Complaint.

83. Defendant denies the allegations contained in paragraph 83 of the Plaintiff's Complaint.

84. Defendant denies the allegations contained in paragraph 84 of the Plaintiff's Complaint.

85. Defendant denies the allegations contained in paragraph 85 of the Plaintiff's Complaint.

**WHEREFORE**, Defendant, Jonathan Oglensky demands judgment against Plaintiff dismissing the Complaint in its entirety, together with costs and reasonable attorney's fees, and for such other and further relief as the Court may deem just, fair and equitable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims for damages set forth in the complaint were caused by the negligence or other tort liability or contractual liability of others over whom the Defendant had no control.

### THIRD AFFIRMATIVE DEFENSE

The allegations of damages as set forth in the Complaint were caused by the contributory negligence of Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the Doctrine of Election of Remedies.

### FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the failure to comply with all necessary conditions precedent.

### SIXTH AFFIRMATIVE DEFENSE

The claims set forth in the complaint are barred by the Doctrine of Estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the Statute of Frauds.

### EIGHTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are subject to a reasonable use allowance by way of total defense or in mitigation of same.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred in whole or in part by the terms of the written agreement.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the Doctrine of Unclean Hands.

### ELEVENTH AFFIRMATIVE DEFENSE

The allegations concerning the cause of action as set forth in the Complaint were caused by the comparative negligence of the Plaintiff by way of total defense of mitigation of same.

### TWELTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by Laches.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant is not the proximate cause of losses, if any, sustained by Plaintiff.

### FOURTEENTH SEPARATE DEFENSE

Defendant did not engage in conduct that in any way caused the Plaintiff to suffer actual pecuniary loss or other form of harm.

### FIFTEENTH SEPARATE DEFENSE

The claims of the Plaintiff are barred due to a lack of consideration.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are subject to setoff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

All claims or damages in the form of *quantum meruit* are barred due to the absence of any contract, expressed or implied.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### NINTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claimed "contract" is barred on the grounds that the "contract" violates public policy in that it is contrary to law and regulation.

### TWENTY AFFIRMATIVE DEFENSE

The applicable law, rule, statute or regulation, including but not limited to the Statute of Limitations on actions controlling and/or requiring the institution of a suit within a certain period of time after its accrual, bars the Plaintiff's Complaint as a matter of law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant did not violate any duty owed to the Plaintiff under common law, statute, regulation or standard.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The alleged damages complained of were due to unavoidable circumstances and causes beyond the control or fault of the Defendant.

### TWENTY-THIRDAFFIRMATIVE DEFENSE

There existed no duty by way of warranty, either expressed or implied, upon Defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

An accord and satisfaction has/had been entered into between the parties and, accordingly, Plaintiff has no cause of action against Defendant and no relief can be granted.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant hereby reserves the right to interpose such other defenses and objections as continuing investigation may disclose.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages and is thereby barred from recovery.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot prevail on his Complaint because there has been no compliance with the Statue of Frauds.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are frivolous as set forth in N.J.S.A. 2A:15-59.1, requiring the award of litigation costs and attorney fees to the Defendant.

### TWENTY-NINETH AFFIRMATIVE DEFENSE

Defendant denies the existence of/or breach of any duty and further deny the existence of/or breach of any contractual obligation, expressed or implied.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred against the Defendant by a lack of privity of contract.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, both in whole and/or in part, are barred by his failure to act in accordance with the Standards of Good Faith and Fair Dealing.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, both in whole and/or in part, are barred by his fraud and misrepresentations.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, both in whole and/or in part, are barred because any alleged "reliance" by Plaintiff with respect this matter was not reasonable or justifiable.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, both in whole and/or in part, are barred because the Defendant was not unjustly enriched.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Any alleged "contract" between the Plaintiff and Defendant is unconscionable and, therefore void and unenforceable.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Any alleged "Agreement" or "Contract" between the Plaintiff and Defendant were procured through fraud and deception on the part of Plaintiff therefore is void and unenforceable by operation of law.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff materially breached alleged "Agreement" or "Contract" between Plaintiff and Defendant and therefore any such "Agreement" or "Contract" is null and void, and unenforceable by operation of law.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

There was/is no Agreement or Contract between the Plaintiff and Defendant pertaining to any of the issues raised in the pleadings.

## DESIGNATION OF TRIAL COUNSEL

Daniel E. Straffi, Jr., Esq. is hereby designated as trial counsel for Defendant, Jonathan Oglensky.

/s/ Daniel E. Straffi, Jr.

Dated: June 6, 2024

_____
Daniel E. Straffi, Jr.
Attorney for Defendant

## CERTIFICATION

The undersigned hereby certifies that to my knowledge and based upon the information available to me at this time, the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding and that no additional parties are known at this time who should be joined in this action.

/s/ Daniel E. Straffi, Jr.

Dated: June 6, 2024

_____
Daniel E. Straffi, Jr.
Attorney for Defendant

## **CERTIFICATION OF SERVICE**

       The undersigned hereby certifies that a copy of the within pleading was served and filed via regular mail and electronically within the time allowed by applicable Court Rules.

Dated: June 6, 2024

/s/ Daniel E. Straffi, Jr.
_____
Daniel E. Straffi, Jr.
Attorney for Defendant